# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **RICHARD CORA**,<br>    Plaintiff,<br><br>    v.<br><br>**AMGEN MANUFACTURING, LIMITED**,<br>    Defendant. | **CIV. NO**. 20-1626 (GMM-MDM) |

## ORDER

    The plaintiff requests the disqualification of McConnell Valdés (hereinafter "MCV") as attorneys for the defendant due to an alleged conflict of interest. In moving to disqualify MCV, plaintiff argues that attorney María Consuelo Cartagena Cancel, an Income Member of the Litigation Practice Group of MCV, acted as his attorney in discrimination complaints against the defendant Amgen Manufacturing, Limited (hereinafter "Amgen"). Plaintiff contends that the conflict of interest with MCV arises from the prior attorney-client relationship that existed between himself and attorney Cartagena. More specifically, since MCV now represents Amgen, and attorney Cartagena is conflicted from pursuing the legal representation of said party in this case, then the same impermissible conflict is effectively imputed to all attorneys of MCV. Consequently, plaintiff argues, the disqualification of MCV as counsel for Amgen follows. In support of his motion, plaintiff included a Statement Under Penalty of Perjury. (Docket No. 170-1).

    On its part, Amgen opposes plaintiff's motion to disqualify, claiming that plaintiff's description of his relationship with attorney Cartagena is patently false. Amgen also contends that attorney Cartagena has never acted or agreed to act as plaintiff's attorney in any matter, including the above-captioned case. Finally, Amgen avers that plaintiff has not provided any evidence, beyond a self-serving Statement under Penalty of Perjury, that attorney Cartagena allegedly acted as his attorney in his discrimination claims. Like the plaintiff, in support of its

opposition, Amgen included a Statement Under Penalty of Perjury. (Docket No. 175-1).

Disqualifying a "party's chosen attorney is a serious matter which could not be supported by the mere possibility of a conflict." *Estrada v. Cabrera*, 632 F. Supp. 1174, 1175 (D.P.R. 1986) (citing *Richmond Hilton Ass'n v. City of Richmond*, 690 F.2d 1086, 1089 (4th Cir. 1982)). The First Circuit has reaffirmed that the "substantially related" test governs the inquiry into whether disqualification is appropriate in attorney conflict of interest cases. *Starlight Sugar Inc. v. Soto*, 903 F. Supp. 261, 265 (D.P.R. 1995) (citing *Borges v. Our Lady of the Sea Corp.*, 935 F.2d 436, 439 (1st Cir. 1991)). "The relevant inquiry is whether the subject matter of the two representations is 'substantially related;' could the attorney have obtained confidential information in the first suit that would have been relevant to the second." *Borges*, *id*. at 439. *See also Rivera Molina v. Casa La Roca, LLC*, 546 F. Supp. 3d 108, 111 (D.P.R. 2021).

Here, plaintiff alleges that attorney Cartagena acted as his legal representative in discrimination claims against Amgen, and, as a result, a conflict of interest exists in MCV's representation of Amgen, plaintiff's adversary here. Plaintiff cites to Rule 1.10 of the Model Rules of Professional Conduct which provides for the imputed disqualification of an attorney, such that if one member of a firm is disqualified from a case, his colleagues in the firm are likewise disqualified. Model Rules of Prof. Conduct R. 1.10 (Am. Bar Ass'n 2019). The purpose of this disqualification rule is to prevent confidential information, from a prior representation, from being used for the benefit of another client who is now the adversary of the prior client. *Reyes Cañada v. Rey Hernández*, 193 F. Supp. 2d 409, 411 (D.P.R. 2002).

"The moving party bears the burden in a motion to disqualify. Thus, the moving party must allege the type and nature of the confidences that were exchanged in the prior litigation that should subsequently disqualify the attorney in the latter representation." *Starlight Sugar Inc.*, 903 F. Supp. at 265 (citing *Estrada*, 632 F. Supp. at 1175); *see also in re Agent Orange Product Liability*

*Litigation*, 800 F.2d 14, 19 (2d Cir. 1986). Plaintiff did not meet this burden. Plaintiff merely provides general and uncorroborated allegations that he and attorney Cartagena "discussed in great detail" his case against Amgen and that she purportedly provided legal advice in his discrimination complaints. Plaintiff however fails to offer details as to when, where or how these alleged disqualifying discussions took place, the nature of the conversations that allegedly cause the conflict, if he and attorney Cartagena exchanged written communications, if she reviewed or prepared any documents or pleadings as his counsel, or if they discussed or executed an agreement as to form of payment for services rendered. In addition, there is no mention, let alone a discussion of the relevant inquiry, namely, the "substantially related" test established by the First Circuit. Also absent from plaintiff's motion is the required discussion on how the facts of this case move the needle in favor of disqualification when applying said test. *See Borges*, supra; *Rivera Molina*, supra. Here, aside from plaintiff's "say so," there is no evidence that attorney Cartagena had an attorney-client relationship with the plaintiff to create a conflict of interest.

Plaintiff's three-page motion to disqualify MCV as counsel for Amgen, comprised of skeletal and cursorily raised arguments which lacked the necessary discussion of whether disqualification is appropriate in this case, cannot escape forfeiture. It is a well-settled rule that arguments raised in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: Judges are not expected to be mindreaders. Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace.") (cleaned up). *See also Martínez-Rivera v. Commonwealth of Puerto Rico*, 812 F.3d 69, 78-79 (1st Cir. 2016) (It is a well-settled rule that insufficiently developed arguments are deemed waived); *Ramos v. Roche Products, Inc.,* 936 F.2d 43, 51 (1st Cir. 1991)

(brief must contain full statement of issues presented and accompanying arguments); *Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 351 n.2 (1st Cir. 1992) (citing *Zannino*, 895 F.2d at 17, for the canonical rule that arguments not developed in any meaningful way are waived); *Roland M. v. Concord Sch. Comm.*, 910 F.2d 983, 997 n.8 (1st Cir. 1990) (relying on *Zannino,* 895 F.2d at 17 (for the point that "issues adverted to in passing, without any attempt at developed argumentation, are waived").

Courts do not (and should not) generally entertain arguments skeletally raised nor should courts put the flesh onto the threadbare bones of insufficient pleadings. It is not an option for courts to play the role of litigator and fill in the blank spaces of the parties' inadequate and deficient arguments. That "would divert precious judge-time from other litigants who could have their cases resolved thoughtfully and expeditiously because they followed the rules." *Rodríguez-Machado v. Shinseki*, 700 F.3d 48, 50 (1st Cir. 2012). Moreover, it would force the court to impermissibly assume the role of plaintiff's advocate. *Whole Woman's Health v. Jackso*n, 142 S. Ct. 522, 532 (2021) (judges do not "wage battle as contestants in the parties' litigation"). *See United States v. Oliver*, 878 F.3d 120, 127 (4th Cir. 2017) ("Habitual *sua sponte* consideration of a forfeited issue disincentivizes vigorous advocacy and thereby chips away at the foundation of our justice system.").

In total, plaintiff utterly failed to present the necessary discussion of the relevant test that governs whether disqualification of MVC is appropriate here on the alleged conflict of interest. The wholly underdeveloped arguments raised by the plaintiff, unaccompanied by the required case law and factual analysis, are thus deemed waived. As a result, the Court rejects the plaintiff's request to disqualify MCV as legal counsel for Amgen.

The Court notes, moreover, that Amgen's opposition fares no better. Not a single case was cited to by Amgen in support of its argument that an attorney-client relationship was never established between the plaintiff and attorney Cartagena. Like the plaintiff, Amgen relied solely on its own self-serving version

of the facts, thereby creating a factual dispute and a credibility issue, but completely failed to discuss in any way how in this case the relevant inquiry shows that disqualifying MVC would be improper. The Court takes no solace in having to say that the parties' arguments with respect to this issue were wholly deficient. Neither party has placed the Court in a position to rule substantively on the matter without having to do their work for them.

Based on the foregoing, plaintiff's Motion to disqualify MCV as counsel for the defendant at Docket No. 170 is **DENIED without prejudice**.

**IT IS SO ORDERED**.

In San Juan, Puerto Rico, this 1st day of August 2024.

         *s/Marshal D. Morgan*
         MARSHAL D. MORGAN
         United States Magistrate Judge