**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| RICHARD CORA,<br><br>        Plaintiff,<br><br>        v.<br><br>AMGEN MANUFACTURING LIMITED,<br><br>        Defendant. | **Civil No. 20-1626 (GMM)** |

<u>**OPINION AND ORDER**</u>

Before the Court is Amgen Manufacturing Limited's ("Amgen") *Motion to Compel Responses to First Set of Interrogatories and Request for Production of Documents* ("*Motion to Compel*"). (Docket No. 210). Amgen seeks to compel Plaintiff Richard Cora ("Plaintiff" or "Mr. Cora") to produce the information and documents requested via *Defendant's First Request for Production of Documents*, (Docket No. 210-1 at 3-8), and Defendant's *First Set of Interrogatories*. (Docket No. 210-1 at 15-20). For the following reasons the Court **GRANTS IN PART** and **DENIES IN PART** Amgen's *Motion to Compel*.

## I.    BACKGROUND

The Court incorporates by reference the factual and procedural background set forth in its prior *Opinion and Order*. (Docket No. 210).

Amgen served interrogatories and requests for production on Plaintiff, which he answered. (Docket Nos. 210-1, 210-2). After objections, further correspondence, and a meet-and-confer that failed to resolve the dispute, Amgen filed the present *Motion to*

Civil No. 20-1626 (GMM)
Page - 2 -

*Compel.* Plaintiff opposes the motion, asserting that his responses were complete. (Docket No. 214).

## II.  LEGAL STANDARD

A.  Pretrial Discovery

District courts retain broad discretion to manage discovery and compel production of relevant information. Curet-Velázquez v. ACEMLA de P.R., Inc., 656 F.3d 47, 54 (1st Cir. 2011); Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 186 (1st Cir. 1989). This authority applies with force to discovery matters and the resolution of discovery disputes. Faigin v. Kelly, 184 F.3d 67, 84 (1st Cir. 1999).

Accordingly, "district courts must be afforded wide latitude in the management of discovery." Danny B. ex rel. Elliott v. Raimondo, 784 F.3d 825, 834 (1st Cir. 2015). Appellate intervention is warranted only upon a clear showing of manifest injustice — namely, where a discovery order is plainly wrong and results in substantial prejudice. Sec. & Exch. Comm'n v. Sargent, 229 F.3d 68, 80 (1st Cir. 2000).

Discovery is governed by relevance and proportionality. Rule 26(b)(1) permits discovery of non-privileged matters that are relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Although the Rules are construed liberally in favor of discovery, that liberality is

not without limits. <u>Sargent</u>, 229 F.3d at 80; <u>Strike 3 Holdings, Inc. v. Doe</u>, 677 F. Supp. 3d 1, 6 (D. Mass. 2023).

B.    Interrogatories and Production of Documents

Rules 33 and 34 authorize interrogatories and document requests concerning any matter within the scope of Rule 26(b). Fed. R. Civ. P. 33(a)(2), 34(a)(1). In responding, counsel must conduct a reasonable inquiry consistent with Rule 26(g). This obligation is measured under an objective standard of reasonableness based on the circumstances. Fed. R. Civ. P. 26(g)(1); Fed. R. Civ. P. 26 advisory committee's note to 1983 amendment.

C.    Motions to Compel

When a party fails to provide discovery required by Rule 26, the requesting party may move to compel disclosure under Rule 37(a), provided it certifies that a good-faith effort to resolve the dispute without court action took place. Fed. R. Civ. P. 37(a)(1), (3). Local Rule 26(b) likewise requires that discovery disputes be presented to the Court only after good-faith efforts to resolve them have been exhausted. D.P.R. Civ. R. 26(b). Rule 26(b)(2)(C) further requires courts to limit discovery that is cumulative, duplicative, obtainable from a more convenient source, or outside the scope of Rule 26(b)(1). Accordingly, courts should deny motions to compel where the requests are irrelevant, disproportionate, or unduly burdensome.

**Civil No. 20-1626 (GMM)**
**Page - 4 -**

### 1.   Relevance

Relevance at the discovery stage is construed broadly. Information is discoverable if it bears on, or reasonably could lead to information that bears on, any issue that is or may be in the case. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

While discovery need not be confined to the pleadings or the merits, the party seeking discovery bears the burden of establishing relevance when objections are raised. Caouette v. OfficeMax, Inc., 352 F. Supp. 2d 134, 136 (D.N.H. 2005).

### 2.   Proportionality

Proportionality requires consideration of: the importance of the issues; the amount in controversy; access to information; the parties' resources; and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

Overly broad or all-encompassing requests fall outside the permissible scope of discovery. *See* Aponte-Navedo v. Nalco Chem. Co., 272 F.R.D. 303, 308 (D.P.R. 2011). Courts may impose temporal and geographic limits to avoid undue burden. Briddell v. Saint-Gobain Abrasives Inc., 233 F.R.D. 57, 60 (D. Mass. 2005).

A party resisting discovery must do more than assert generalized objections. Boilerplate claims of burden or overbreadth are insufficient absent a specific showing as to each

Civil No. 20-1626 (GMM)
Page - 5 -

request. Katz v. Shell Energy N. Am. (US), LP, 566 F. Supp. 3d 104, 107 (D. Mass. 2021); Cook v. Lynn & William, Inc., 344 F.R.D. 149, 155 (D. Mass. 2023).

### III. ANALYSIS

Amgen moves to compel supplemental discovery responses, asserting that Mr. Cora has failed to provide complete information concerning his alleged emotional and physical damages, mitigation efforts, and financial condition. (Docket No. 210 at 2). Mr. Cora seeks $1,500,000 in compensatory damages and back pay based on alleged loss of income and employment. (Docket No. 180 ¶¶ 69-73). Amgen contends that the missing information is necessary to assess Plaintiff's claims and prepare its defense. (Docket No. 210 at 2). Amgen certifies that it has complied with the good-faith conferral requirements of Rule 37(a)(1) and Local Rule 26(b). (Id.). Exercising its broad discretion over pretrial discovery and guided by the relevance and proportionality principles of Rule 26(b)(1), the Court addresses each interrogatory in turn.

### A.    Interrogatory No. 14

Interrogatory No. 14 seeks information concerning Mr. Cora's non-Amgen job search efforts, including dates of application, results, contact persons, reasons for declining employment, and related documents. (Docket No. 210-1 at 18). Plaintiff identified several companies but omitted the additional requested details,

Civil No. 20-1626 (GMM)
Page - 6 -

asserting that he provided all information available at the time. (Docket Nos. 210-2 at 3-4; 210-4 at 2; 214 at 1-2).

The *Motion to Compel* is **GRANTED** as to Interrogatory No. 14. Information regarding Plaintiff's efforts to obtain alternative employment is directly relevant to mitigation of damages and the calculation of alleged economic loss. E.E.O.C. v. Ventura Corp. Ltd., 2013 WL 550550, at *4-7 (D.P.R. Feb. 12, 2013); Aghamehdi v. OSRAM Sylvania, Inc., 2019 WL 919487, at *3-4 (D.N.H. Feb. 25, 2019). The interrogatory is narrowly tailored and proportional to the needs of the case.

Under Rule 26(g)(1), Mr. Cora was required to conduct a reasonable inquiry before responding. If he lacks access to some or all the requested information, he must affirmatively state so under oath and describe the reasonable efforts undertaken to obtain it. Fed. R. Civ. P. 26(g)(1); United States ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., Inc., 332 F.R.D. 1, 7 (D. Mass. 2019). A party may not provide incomplete answers without explaining the absence of responsive information. *See* Lopez v. Delair Grp., LLC, 2012 U.S. Dist. LEXIS 179476, at *4 (D.R.I. Dec. 19, 2012). Accordingly, supplementation is required.

B.    Interrogatory No. 15

Interrogatory No. 15 seeks identification of financial institutions where Mr. Cora maintains checking, savings,

Civil No. 20-1626 (GMM)
Page - 7 -

investment, or credit accounts, including account types and numbers. (Docket No. 210-1 at 18).

Plaintiff objects, asserting that his disability pension is his sole income source and that the request intrudes upon private financial matters. (Docket Nos. 210-2 at 4; 210-4 at 2; 214 at 5). Amgen argues that Plaintiff placed his financial condition at issue by seeking substantial economic damages and that the interrogatory seeks only limited identifying information. (Docket Nos. 210 at 7-8; 210-3 at 4).

The *Motion to Compel* is **GRANTED** as to Interrogatory No. 15.

By seeking $1,500,000 in damages based on alleged lost income, Plaintiff has placed his financial condition and earning history directly at issue. Vázquez-Fernández v. Cambridge Coll., Inc., 269 F.R.D. 150, 155 (D.P.R. 2010). Financial information bearing on interim earnings, alternative income, and mitigation is discoverable in employment cases. Kologik Cap., LLC v. In Force Tech., LLC, 2022 WL 22954893, at *9 (D. Mass. May 11, 2022).

The interrogatory is proportional. It seeks only identification of financial institutions and account types, not statements or transaction histories, thereby minimizing intrusion while permitting meaningful assessment of damages. Generalized privacy objections are insufficient. Cook v. Lynn & William, Inc., 344 F.R.D. 149, 155 (D. Mass. 2023).

Civil No. 20-1626 (GMM)
Page - 8 -

A party must produce responsive information within his possession, custody, or control. P.R. Med. Emergency Grp., Inc. v. Iglesia Episcopal Puertorriqueña, Inc., 318 F.R.D. 224, 230 (D.P.R. 2016). Plaintiff may not substitute his characterization of his finances for responsive disclosure.

C.    Interrogatory No. 20

Interrogatory No. 20 seeks identification of all diseases, illnesses, or physical conditions Mr. Cora has experienced during the past ten years, including the names and addresses of medical providers and the dates or periods of treatment. (Docket No. 210-1 at 19). Mr. Cora responded only that the request was "[i]rrelevant." (Docket No. 210-2 at 6). Amgen challenges that response, arguing that Plaintiff has placed his medical condition directly at issue by seeking damages for emotional and physical harm. (Docket No. 210-3 at 5-6).

Mr. Cora contends that further disclosure has marginal utility because Interrogatory No. 21 identifies a service-connected condition allegedly exacerbated by Amgen's conduct and because he has offered to authorize access to his psychiatric and psychological records from the Department of Veterans Affairs ("DVA"). (Docket No. 210-4 at 2). He argues that requiring identification of all medical conditions, providers, and treatment periods is disproportionate where Amgen may obtain records directly from the DVA. (Id.); see also (Docket No. 214 at 8).

Civil No. 20-1626 (GMM)
Page - 9 -

The Court **GRANTS** Amgen's *Motion to Compel* as to Interrogatory No. 20.

Although medical information is inherently sensitive, discovery extends to a plaintiff's medical history where the plaintiff affirmatively places his physical or emotional condition in controversy. *See, e.g.*, Gerald v. Univ. of P.R., 2011 U.S. Dist. LEXIS 167980, at *7 (D.P.R. July 28, 2011); Cherkaoui v. City of Quincy, 2015 WL 4504937, at *3 (D. Mass. July 23, 2015); Doe v. Oberweis Dairy, 456 F.3d 704, 718 (7th Cir. 2006); Koch v. Cox, 489 F.3d 384, 389 (D.C. Cir. 2007). By seeking damages for emotional distress and physical injury allegedly caused by Amgen's conduct, Mr. Cora has placed his medical condition squarely at issue.

Information concerning prior or concurrent illnesses and treatment bears directly on causation, baseline condition, and the extent of alleged injury, and is therefore relevant under Rule 26(b)(1). Koch, 489 F.3d at 389. Amgen is entitled to assess whether the claimed damages stem from the alleged discrimination or from preexisting or unrelated conditions.

The ten-year temporal limitation is proportional. It reasonably captures the period necessary to evaluate Plaintiff's baseline condition without extending so far as to constitute undue intrusion. Briddell, 233 F.R.D. at 60. Moreover, the interrogatory

Civil No. 20-1626 (GMM)
Page - 10 -

seeks only identification of conditions, providers, and treatment periods, not production of full medical records at this stage.

D.    Interrogatory No. 21

Interrogatory No. 21 asks whether Mr. Cora has received consultation, examination, or treatment for emotional, physical, or mental injuries he attributes to the alleged discrimination and, if so, to identify the provider, type of treatment, dates of treatment, and charges incurred. (Docket No. 210-1 at 19). Mr. Cora responded that his service-connected emotional condition was exacerbated by the alleged conduct and expressed willingness to authorize access to his DVA psychiatric and psychological records. (Docket No. 210-2 at 6).

Amgen argues that the response is incomplete because it omits the provider's contact information, the nature of treatment, dates of service, and other details expressly requested. (Docket No. 210-3 at 6). Mr. Cora maintains that further detail would have marginal utility and is disproportionate, particularly given his offer of authorization. (Docket Nos. 210-4 at 2; 214 at 8).

The Court **GRANTS** Amgen's *Motion to Compel* as to Interrogatory No. 21.

By alleging emotional and physical injuries caused by Amgen's conduct, Plaintiff has placed these conditions directly in controversy. Information concerning related treatment is therefore relevant to the existence, causation, and extent of the alleged

Civil No. 20-1626 (GMM)
Page - 11 -

harm. *See* Cherkaoui, 2015 WL 4504937, at *3; Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964).

The interrogatory is narrowly tailored. It seeks information only concerning treatment Plaintiff attributes to the alleged discrimination, not his entire medical history. In re Intuniv Antitrust Litig., 2018 U.S. Dist. LEXIS 210817, at *10 (D. Mass. Dec. 14, 2018). The requested details — provider identity, type of treatment, dates, and charges — are specific and directly tied to damages.

Rule 33 requires a complete written answer based on a reasonable inquiry. A responding party may not shift to the requesting party the burden of extracting responsive information from medical records, nor does an authorization substitute for a substantive interrogatory response. Fed. R. Civ. P. 26(g)(1), 33(b). Interrogatory No. 21 is relevant and proportional under Rule 26(b)(1). Supplementation is required.

E.    Interrogatory No. 22

Interrogatory No. 22 asks whether Mr. Cora has been prescribed any medication to treat the damages alleged in the *Amended Complaint* and, if so, to identify the medication, prescribing provider and contact information, date prescribed, dates taken, and cost to date. (Docket No. 210-1 at 19-20). Mr. Cora responded: "See previous answer." (Docket No. 210-2 at 7).

Civil No. 20-1626 (GMM)
Page - 12 -

Amgen contends that this is nonresponsive under Rule 33 and that medication information is plainly relevant where Plaintiff seeks damages for emotional and physical harm. (Docket No. 210 at 12-13; 210-3 at 7). Mr. Cora argues that additional details would have marginal utility and that Amgen may obtain information through DVA records. (Docket Nos. 210-4 at 2; 214 at 8).

The Court **GRANTS** Amgen's Motion to Compel as to Interrogatory No. 22.

Where a plaintiff seeks damages for emotional or physical injury, medications prescribed to treat those conditions are directly relevant to the nature, severity, duration, and causation of the alleged harm. Quiñones v. Univ. of P.R., 2015 WL 3604152, at *5 n.4 (D.P.R. June 8, 2015). The identity of medications and prescribing providers may bear on whether symptoms are attributable to the alleged discriminatory conduct or to unrelated causes.

The interrogatory is proportional. It is limited to medications prescribed to treat the damages alleged in this action and does not compel disclosure of unrelated prescriptions. The requested information - medication name, prescribing provider, dates, and cost - is specific, finite, and within Plaintiff's knowledge or reasonable access.

A one-line reference to a prior answer does not satisfy Rule 33's requirement of a complete, responsive interrogatory answer.

Nor may Plaintiff shift to Amgen the obligation to extract responsive details from medical records. Fed. R. Civ. P. 26(g)(1), 33(b).

Interrogatory No. 22 falls squarely within the scope of Rule 26(b)(1). Supplementation is required.

F.    Interrogatory No. 23

Interrogatory No. 23 requests that Mr. Cora identify "any other damages that [he] attribute[s] to the alleged discrimination and/or retaliation," and for each category specify the nature of the damage, the date of occurrence, the amount claimed, and the individuals with knowledge. (Docket No. 210-1 at 20).

In response, Mr. Cora provided a narrative describing emotional and moral suffering, including depression, anxiety, exacerbated PTSD requiring additional treatment, sleep disruption, financial strain, and loss of income. (Docket No. 210-2 at 7). He further asserts that the alleged conduct caused severe psychological harm and economic loss, forming an essential component of his $1,500,000 damages demand. (Id.).

Amgen contends that the response is incomplete because it omits the specific information requested: dates, amounts, and persons with knowledge. (Docket No. 210-3 at 7; 210 at 13-14). Mr. Cora argues that his narrative was complete and that the requested details are more applicable to economic damages than to moral damages. (Docket Nos. 210-4 at 2-3; 214 at 2-3).

Civil No. 20-1626 (GMM)
Page - 14 -

The Court **GRANTS** Amgen's *Motion to Compel* as to Interrogatory No. 23.

Rule 33 requires a responding party to answer each interrogatory "separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). A narrative description that omits specifically requested factual details does not constitute a complete response.

The information sought is plainly relevant under Rule 26(b)(1). Identification of the nature of each category of damage, when it occurred, the amount claimed, and the individuals with knowledge bears directly on the scope, causation, and valuation of Plaintiff's claimed injuries. *See* Cherkaoui, 2015 WL 4504937, at *3. This is true for both economic and non-economic damages. Even where damages are characterized as "moral" or emotional, a defendant is entitled to discover the factual basis supporting the claim, including timeline and witnesses.

The interrogatory is proportional. It is limited to damages Plaintiff himself attributes to the alleged discrimination and retaliation and does not seek extraneous information. The requested categories — nature, date, amount, and persons with knowledge — are standard factual predicates necessary to evaluate a damages claim of this magnitude.

If Plaintiff lacks specific information as to any category, he must state so under oath and describe the reasonable inquiry

Civil No. 20-1626 (GMM)
Page - 15 -

undertaken. Fed. R. Civ. P. 26(g)(1); United States ex rel. Martino-Fleming, 332 F.R.D. at 7; Lopez, 2012 U.S. Dist. LEXIS 179476, at *4.

Supplementation is required.

G.    Request for Production of Documents No. 1

Request for Production of Documents No. 1 seek "a copy of all of Plaintiff's entire medical records" from the past ten years. (Docket No. 210-1 at 3). Mr. Cora objects that the request is "irrelevant and/or too broad, excessive and oppressive" and adds marginal utility. (Docket Nos. 210-2 at 11; 210-4 at 2). Amgen contends that its request is properly cabined and relevant. (Docket Nos. 210 at 15-17; 210-3 at 8).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 1. Because Mr. Cora seeks substantial damages for emotional and physical harms allegedly caused or aggravated by Amgen's purportedly discriminatory actions, his mental and emotional health records during the relevant period are well within the scope of Rule 26(b)(1).

Specifically, when a plaintiff places his mental condition at issue, the defendant is entitled to obtain the plaintiff's mental health and medical records to evaluate causation, preexisting conditions, and the extent of claimed damages. *See, e.g.*, Stark v. Hartt Transp. Sys., Inc., 2013 WL 358266, at *5-6 (D. Me. Jan. 28, 2013); E.E.O.C. v. Kohl's Dep't Stores, Inc., 2012 WL 639693, at

*2 (D. Me. Feb. 27, 2012); E.E.O.C. v. Sheffield Fin. LLC, 2007 WL 1726560, at *7 (M.D.N.C. June 13, 2007) ("[C]ourts overwhelmingly hold that employers are entitled to Rule 26 discovery of medical records even in so-called 'garden-variety' employment cases where plaintiffs allege damages due to emotional distress.").

Plaintiff's objections that the request is overly broad, burdensome, or intrusive are unpersuasive. Mr. Cora asserts that the phrases "of any nature" and "without limitation" render the request improper. (Docket No. 210-1 at 3). However, Rule 26(b)(1) expressly allows discovery of any nonprivileged information relevant to a party's claim or defense, and Mr. Cora's broad allegations of emotional distress — combined with a damages demand exceeding $1,500,000 — render his mental health history discoverable, including records that may demonstrate alternative causes or contributing factors to the symptoms that he attributes to Amgen. See, e.g., W.E. Aubuchon Co. v. BeneFirst, LLC, 245 F.R.D. 38, 44 (D. Mass. 2007); Santelli v. Electro-Motive, 188 F.R.D. 306, 309 (N.D. Ill. 1999) ("A party cannot inject his or her psychological treatment, conditions, or symptoms into a case and expect to be able to prevent discovery of information relevant to those issues.").

Mr. Cora's position that his willingness to authorize access to DVA medical records satisfies his obligations under Rule 34 is unavailing. Rule 34 requires the responding party to produce all

responsive documents within his "possession, custody, or control," and medical records fall within a patient's control, because the patient has the practical ability and legal right to obtain them. Merchia v. U.S. Internal Revenue Serv., 336 F.R.D. 396, 398-99 (D. Mass. 2020); Hamelin v. Kinder Morgan, Inc., 2022 WL 17752133, at *3 (D. Mass. Dec. 19, 2022) ("A plaintiff is in control of his or her medical records, as he or she has the legal right to obtain them.") (internal citation and quotations omitted).

Nor is the request disproportionate under Rule 26(b)(1). Mr. Cora alleges long-term psychological deterioration, worsening PTSD, and significant functional and occupational impairment. *See generally* (Docket No. 180). Determining whether these conditions predate, coincide with, or are independent of the conduct at issue requires a comprehensive view of Plaintiff's medical history, rather than selective production. Hence, a ten-year scope of mental-health records is reasonable and proportional in emotional distress cases. *See* Kohl's Dep't Stores, 2012 WL 639693, at *2; Sheffield Fin., 2007 WL 1726560, at *7.

Additionally, Plaintiff's argument that Amgen can obtain his medical records more easily due to its legal resources is legally immaterial. Rule 34 places the burden of production squarely on the responding party. *See* Fed. R. Civ. P. 34(a)(1). Although "the parties' resources" is a consideration bearing on proportionality, id. 26(b)(1), "[i]t is a logical and unexceptionable corollary to

this principle that the claimant will be required to 'obtain and pay for' the information necessary to establish [] entitlement to the [remedy] sought." Ferry v. Prudential Ins. Co. of Am., 2011 WL 4828816, at *10 (D. Me. Oct. 10, 2011), aff'd, No. 2:10-CV-211, 2011 WL 5574815 (D. Me. Nov. 16, 2011).

What Mr. Cora describes as an undue burden is a routine obligation attendant to his damages claim. Therefore, Mr. Cora shall produce certified copies of the requested documentation.

H.    Request for Production of Documents No. 2

Request for Production of Documents No. 2 seeks "a copy of all of Plaintiff's medical records with every other health care provider treating him during the past ten (10) years," requiring certified copies from each provider. (Docket No. 210-1 at 3). Parties disagree that disclosure is warranted on the same grounds as other medical documentation requests. (Docket Nos. 210-3 at 9; 210-4 at 2; 210 at 17-18; 214 at 8).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 2. For the reasons stated with respect to Request No. 1, the Court finds that the requested records fall within the scope of Rule 26(b)(1).

As previously discussed, federal courts have consistently recognized that medical records relating to both physical and mental health conditions are discoverable when a plaintiff places his medical condition at issue. *See* Stark, 2013 WL 358266, at *5

Civil No. 20-1626 (GMM)
Page - 19 -

(D. Me. Jan. 28, 2013); Kohl's Dep't Stores, 2012 WL 639693, at *2; Sheffield Fin., 2007 WL 1726560, at *7.

Although the request references "every other health care provider," breadth alone does not render the request improper. District courts retain ample authority over pretrial matters, and discovery cannot be selectively curated based on unilateral assessments of relevance. *See, e.g.,* Curet-Velázquez, 656 F.3d at 54; Mack, 871 F.2d at 186; Faigin, 184 F.3d at 84. Hence, disclosure is mandated.

I.    Request for Production of Documents No. 3

Request for Production of Documents No. 3 seeks copies of Mr. Cora's prescriptions since 2014. (Docket No. 210-1 at 3). Parties disagree. (Docket Nos. 210-2 at 11; 210-3 at 9; 210-4 at 2; 210 at 19-20; 214 at 8).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 3. The requested prescription and medication records are relevant and proportional to Plaintiff's claims. The identity of prescribing providers and medications is probative of whether Mr. Cora's symptoms are attributable to Amgen's allegedly discriminatory and retaliatory conduct. The discovery of medications consumed by Mr. Cora — whether prescribed or over-the-counter— falls within the permissible scope of Rule 26(b)(1) because he has placed his conditions at issue, and such information may reveal the proximate causes of the alleged harms.

Civil No. 20-1626 (GMM)
Page - 20 -

*See, e.g.,* Quiñones, 2015 WL 3604152, at 5 n.4; Cherkaoui, 2015 WL 4504937, at *3. Such records bear directly on the nature, cause, extent, severity, and duration of the alleged harm and may clarify whether Plaintiff's symptoms stem from the conduct at issue or from unrelated causes. The request is appropriately tailored to Plaintiff's damages claims and is not unduly burdensome.

Again, should Mr. Cora contend that certain responsive records are unavailable or no longer within his possession, custody, or control, he shall state so under oath and describe the "reasonable inquiry" made to obtain them, consistent with the obligations set forth in Rule 26(g)(1) and relevant case law. Fed. R. Civ. P. 26(g)(1); *see also* United States ex rel. Martino-Fleming, 332 F.R.D. at 7; Gorrell, 292 F.R.D. at 632; Lopez, 2012 U.S. Dist. LEXIS 179476, at *4.

J.    Request for Production of Documents No. 4

Request for Production of Documents No. 4 seeks a copy of all personal notes, diaries or chronicles of Mr. Cora's alleged medical, physical or emotional conditions generated from the relevant time period. (Docket No. 210-1 at 3). Mr. Cora protests that the request is overbroad. (Docket Nos. 210-2 at 11; 210-4 at 2; 214 at 8). Amgen argues it is relevant and tailored. (Docket Nos. 210-3 at 9; 210 at 20-21).

The Court **GRANTS IN PART and DENIES IN PART** Amgen's *Motion to Compel* as to Request for Production of Documents No. 4. The Court

concludes that the request, as framed, exceeds the scope of Rule 26(b)(1).

Mr. Cora's resistance to this request for production is bolstered by significant case law. While out of circuit, the Tenth Circuit's opinion in Cooke v. N.M. Junior Coll. Bd., 579 F.2d 568 (10th Cir. 1978), is instructive. In Cooke, the Tenth Circuit rejected a defendant's request for the plaintiff to produce his diary in its entirety. Id. at 570. The Court held that the plaintiff's offer to disclose portions of the diary that the plaintiff conceded were relevant, and to permit in camera inspection by the trial court to ensure that all such portions were disclosed, was "amply sufficient" to satisfy the defendant's discovery requests. Id.; *see also* Simpson v. Univ. of Colo., 220 F.R.D. 354, 361-62 (D. Colo. 2004) (denying motion to compel production of the plaintiff's entire diary after in camera review); Quiroz v. Hartgrove Hosp., 1998 WL 341812, at *3 (N.D. Ill. June 12, 1998); Ayala v. Tapia, 1991 WL 241873, at *2 (D.D.C. Nov. 1, 1991).

Federal courts have ordered the production of a litigant's personal diaries only where the plaintiff admits both their existence and their relevance to the claims at issue. *See, e.g.,* Hawkins v. St. Clair Cnty., 2008 U.S. Dist. LEXIS 85340, at *1 (S.D. Ill. Sep. 17, 2008); Willis v. Cent. Mut. Ins. Co., 2009 U.S. Dist. LEXIS 60370, *5 (W.D. La. July 14, 2009); Aebischer v.

Stryker Corp., 2006 U.S. Dist. LEXIS 49505, at *3 (C.D. Ill. July 19, 2006) ("Plaintiff produced legible photocopies of three diary entries . . . . Each entry deals with Plaintiff's feelings regarding upcoming medical procedures.").

In contrast, Mr. Cora has not admitted to maintaining any diary, journal, or personal notes of the type described in the Request for Production No. 4, nor acknowledged that any such writings concern the claims or defenses in this case. Amgen has likewise failed to indicate that such materials exist or would bear on the claims or defenses at issue. As such, compelling wholesale production of private writings would impose a burden disproportionate to any demonstrated relevance and would amount to an impermissible fishing expedition.

Accordingly, the Court **GRANTS IN PART** this request. Mr. Cora shall produce responsive materials only to the extent they exist and contain information that is facially relevant to his claims. The request is, thus, **DENIED IN PART** as to compelling the complete and unfettered production of diaries, journals, chronicles, and similar materials as such production would be disproportionate to the needs of the case. *See* Fed. R. Civ. P. 26(b)(2)(C)(iii). Mr. Cora shall make a reasonable inquiry as to whether these documents exist or are unobtainable pursuant to his obligation under the Federal Rules and relevant case law. Id. 26(g)(1).

Civil No. 20-1626 (GMM)
Page - 23 -

K.    Request for Production of Documents No. 5

Request for Production of Documents No. 5 seeks a copy of all documents which support or relate in any way to Plaintiff's claim for compensatory damages in the amount of $1,500,000.00. (Docket No. 210-1 at 4). Mr. Cora argues overbreadth; Amgen disagrees. (Docket Nos. 210-2 at 11; 210-3 at 9-10; 210-4 at 2; 210 at 21-22; 214 at 8).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 5. The requested materials are relevant because they directly concern Mr. Cora's claimed compensatory damages of $1,500,000.00. Documentation substantiating the alleged losses, including medical records, invoices, employment or financial records, correspondence, or other supporting materials, bears directly on the central issue of damages. *See, e.g.*, Piccone v. McClain, 2012 WL 5464352, at *2 (D. Mass. Nov. 7, 2012); Viscito v. Nat'l Plan. Corp., 2019 WL 5318228, at *7 (D. Mass. Oct. 21, 2019); Fed. R. Civ. P. 26(a)(1)(A)(ii).

The $1,500,000.00 damages demand further underscores the importance of this discovery. The requested documents are essential to evaluating the factual and evidentiary basis for Plaintiff's damages claim. The proportionality factors likewise support production. The amount and legitimacy of the damages claimed are central to this litigation. Plaintiff has primary access to the relevant supporting documentation. The burden of

Civil No. 20-1626 (GMM)
Page - 24 -

production is minimal considering modern access to records, and the likely benefit of the requested discovery outweighs any burden. *See* Fed. R. Civ. P. 26(b)(1).

Accordingly, Request for Production of Documents No. 5 falls within the permissible scope of discovery under Rule 26(b)(1). Mr. Cora shall make a reasonable inquiry as to whether these documents exist or are unobtainable pursuant to his obligation under the Federal Rules and relevant case law. Id. 26(g)(1).

L.    Request for Production of Documents No. 6

Request for Production of Documents No. 6 seeks all of Plaintiff's bank statements since 2015. (Docket No. 210-1 at 4). Mr. Cora again argues overbreadth; Amgen contends the request is properly tailored. (Docket Nos. 210-2 at 11; 210-3 at 10; 210-4 at 2; 210 at 23; 214 at 4-5).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production No. of Documents 6.

Federal courts — including this one — have recognized that, in civil actions alleging discrimination, a party who places his financial condition at issue may be required to disclose financial information relevant to claimed damages. *See* Vázquez-Fernández, 269 F.R.D. at 164-65. Moreover, the requested records are ordinarily maintained by financial institutions and are readily obtainable. *See* Fed. R. Civ. P. 34; Merchia, 336 F.R.D. at 396, 398-99; In re NTL, 244 F.R.D. at 195.

Civil No. 20-1626 (GMM)
Page - 25 -

Financial information is directly relevant to assessing the alleged economic losses, potential interim earnings, and mitigation efforts. The time period sought is reasonably tailored to the damages period identified by Plaintiff. *See, e.g.*, <u>Briddell</u>, 233 F.R.D. at 60. Disclosure is hereby ordered.

M.    <u>Request for Production of Documents No. 7</u>

Request for Production of Documents No. 7 seeks debt certifications related to Plaintiff's monthly expenses since 2015. (Docket No. 210-1 at 4). Plaintiff again raises overbreadth challenges; Amgen reiterates its relevance to assessing damages. (Docket Nos. 210-2 at 11; 210-3 at 10-11; 210-4 at 2; 210 at 24; 214 at 4-5).

The Court **DENIES** Amgen's *Motion to Compel* as to Request for Production of Documents No. 7. Although the requested documents could reasonably lead to evidence regarding the extent of Mr. Cora's claimed economic hardship, Amgen is already receiving substantial financial information through the production of Mr. Cora's other financial records, which provide a comprehensive view of Mr. Cora's financial history. Accordingly, the request for debt certifications is cumulative and duplicative, pursuant to Rule 26(b)(2)(C)(i).

N.    <u>Request for Production of Documents No. 8</u>

Request for Production of Documents No. 8 asks for Mr. Cora's credit card bills since 2015. (Docket No. 210-1 at 4). Parties

disagree on the same grounds as other financial record requests. (Docket Nos. 210-2 at 11; 210-3 at 11; 210-4 at 2; 210 at 24; 214 at 4-5).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 8. Mr. Cora's financial behavior is relevant to credibility, particularly regarding claims of lost employment opportunities, mitigation of damages, or other economic assertions. *See* <u>Cherkaoui</u>, 2015 WL 4504937, at *3; <u>Frank v. City of Machester</u>, 2010 WL 4720121, at *4 (D.N.H. Nov. 15, 2010). This request is proportional because it is limited to the relevant time period where damages are claimed. <u>EMP v. EQJ</u>, 2023 WL 11984285, at *2 (D.P.R. Feb. 28, 2023).

As such, the disclosure of these records is sufficiently related to the claims and defenses in this case, and appropriately narrowed as to the pertaining events, as to meet the standard imposed by Rule 26(b)(1).

O.   <u>Request For Production of Documents No. 12</u>

Amgen's Request for Production of Documents No. 12 seeks Mr. Cora's tax returns from 2015 onward. (Docket No. 210-1 at 5). Plaintiff objects on privacy grounds and suggests DVA certifications as an alternative. (Docket Nos. 210-2 at 13; 214 at 4). Amgen invokes relevance again to assessing damages. (Docket Nos. 210-3 at 11-12; 210-4 at 3; 210 at 25-26).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 12. The requested items fall within the scope of discovery for the same reasons stated under Request for Production of Documents Nos. 6 and 8. *See* <u>Vázquez-Fernández</u>, 269 F.R.D. at 155; <u>Chen v. Stony Brook Univ. Advancement</u>, 2017 U.S. Dist. LEXIS 35553, at *2 (E.D.N.Y. Mar. 13, 2017).

Amgen has set forth a compelling need for such returns, given that Mr. Cora has offered no other evidence - other than his own testimony - in support of his claim of lost wages. *See* <u>Michelman v. Ricoh Ams. Corp.</u>, 2013 WL 664893, at *2 (E.D.N.Y. Feb. 22, 2013).

However, as the tax returns may include information that is both sensitive and irrelevant to Mr. Cora's claims, Mr. Cora may redact information from his tax returns that does not relate to his income or the sources of his income.

P.    <u>Request For Production of Documents No. 13</u>

Request for Production of Documents No. 13 asks for a copy of Plaintiff's current credit report. (Docket No. 210-1 at 5). Parties disagree on the same grounds as other financial record requests. (Docket Nos. 210-2 at 13; 210-3 at 12; 210-4 at 2; 210 at 26; 214 at 5).

The Court **DENIES** Amgen's *Motion to Compel* as to Request for Production of Documents No. 13. Outside of short, generalized assertions, Amgen has failed to demonstrate how a credit report is

relevant to Mr. Cora's claims of failure-to-hire and discrimination. Amgen is also receiving substantial financial information otherwise. Accordingly, the request of a credit report is cumulative and duplicative pursuant to Rule 26(b)(2)(C)(i).

Q.    Request For Production of Documents No. 14

Request for Production of Documents No. 14 requires Mr. Cora to provide any evidence as to his earnings since 2015, including unemployment benefits. (Docket No. 210-1 at 5). Plaintiff objects, stating this would only include COVID-19 government payments already covered through a DVA certification. (Docket Nos. 210-2 at 13; 210-4 at 3; 214 at 1-3). Amgen argues this is insufficient. (Docket Nos. 210 at 27-28; 210-3 at 12).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 14. The requested items fall within the scope of discovery for the same reasons stated under Request for Production of Documents Nos. 6, 8, and 12. *See* Vázquez-Fernández, 269 F.R.D. at 155.

R.    Request for Production of Documents No. 21

Amgen's Request for Production of Documents No. 21 seeks "a copy of Plaintiff's personal agendas and/or calendars for the years 2014 to the present," including Mr. Cora's "Facebook or any other social media profile" during the same period. (Docket No. 210-1 at 6). Mr. Cora maintains the request is irrelevant and overbroad. (Docket Nos. 210-2 at 13; 210-4; 214 at 6). Amgen contends the

documents are relevant to Plaintiff's alleged emotional and physical damages. (Docket Nos. 210-3 at 13; 210 at 29-30).

The Court **GRANTS IN PART** and **DENIES IN PART** Amgen's *Motion to Compel* as to Request for Production of Documents No. 21.

Analogous to the disclosure of personal diaries, federal courts have compelled disclosure of personal agendas and calendars after considering relevance and privacy concerns. *See, e.g.*, E.E.O.C. v. Wedco, Inc., 2014 WL 12781218, at *1-2 (D. Nev. Apr. 22, 2014).

Social media profiles can be similarly relevant and discoverable in certain employment discrimination involving claims of emotional distress, but courts do not endorse extremely broad requests. Rodriguez-Ruiz v. Microsoft Operations P.R., LLC, 2020 U.S. Dist. LEXIS 39681, at *8-9 (D.P.R. Mar. 6, 2020). Some limited scope of social media posts, however, may reasonably be discoverable if they contain information relevant to Mr. Cora's claims and Amgen's defenses. *See, e.g.*, Connolly v. Alderman, 2018 WL 4462368, at *5 (D. Vt. Sep. 18, 2018); Robinson v. Jones Lang LaSalle Ams., Inc., 2012 WL 3763545, at *1 (D. Ore. Aug. 29, 2012).

As such, the Court incorporates by reference its previous analysis as to notes and diaries and **GRANTS IN PART** this request. Mr. Cora shall produce the requested documents in existence and facially relevant to his legal claims in this civil action. The request is **DENIED IN PART** as to compelling the complete and

Civil No. 20-1626 (GMM)
Page - 30 -

unfettered production of personal agendas, calendars and social media posts, as the Federal Rules do not permit fishing expeditions. Fed. R. Civ. P. 26(b)(2)(C)(iii).

Plaintiff shall make a reasonable inquiry to locate these documents consistent with the obligations set forth in Rule 26(g)(1) and relevant case law. Fed. R. Civ. P. 26(g)(1).

S.   Request for Production of Documents No. 26

Request for Production of Documents No. 26 seeks all communications records pertaining to the allegations in the *Amended Complaint*, including Mr. Cora's social media profiles and texts. (Docket No. 210-1 at 7). Parties disagree on the same grounds as other communications requests. (Docket Nos. 210-2 at 14; 210-3 at 14; 210-4 at 3; 210 at 31; 214 at 6).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 26. Amgen aims to discover text messages and direct messages sent via internet profiles that specifically "pertain to the allegations in the *Amended Complaint*" – a material qualifier that was not included in Requests for Production of Documents Nos. 4 and 21. Communications records tailored to the cause of action are relevant, proportional, and discoverable. *See, e.g.*, Rease v. MHM Corr. Servs. Inc., 2012 WL 12864364, at *13 (N.D. Ga. Oct. 17, 2012); E.E.O.C. v. Simply Storage Mgmt., LLC, 270 F.R.D. 430, 435 (S.D. Ind. 2010).

Plaintiff shall make a reasonable inquiry to locate these documents consistent with the obligations set forth in Rule 26(g)(1) and relevant case law. Fed. R. Civ. P. 26(g)(1).

T.    Request for Production of Documents No. 29

Amgen seeks all documents demonstrating Plaintiff's efforts to obtain employment from 2014 to the present. (Docket No. 210-1 at 7). Mr. Cora states these documents are unavailable. (Docket Nos. 210-2 at 14; 210-4 at 2-3; 214 at 1-2). Amgen asserts that Plaintiff's response is insufficient under Rule 26 and requires a sworn certification that a reasonable attempt was made. (Docket Nos. 210-3 at 14; 210 at 31-32).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production of Documents No. 29. In employment discrimination actions, particularly those involving claims of failure-to-hire and allegations of lost wages or emotional distress, a plaintiff's efforts to obtain subsequent employment are directly relevant to both liability and damages. Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 141 (1st Cir. 2009). The request is also proportional as it is limited to a finite period and a defined category of documents clearly described. Briddell, 233 F.R.D. at 60.

Evidence of mitigation efforts since 2014 thus fall squarely within the scope of discovery as contemplated in Rule 26(b)(1). Plaintiff shall make a reasonable inquiry to locate these documents consistent with the obligations set forth in Rule 26(g)(1) and

relevant case law and affirm under oath if these documents no longer exist. Fed. R. Civ. P. 26(g)(1).

U.    Request for Production of Documents No. 30

Relatedly, Request for Production of Documents No. 30 asks for a copy of any and all responses Plaintiff received in response to his job search efforts since 2014. (Docket No. 210-1 at 7). Parties disagree along the same lines as the previous discovery request. (Docket Nos. 210-2 at 14; 210-3 at 15; 210-4 at 2; 210 at 31; 214).

The Court **GRANTS** Amgen's *Motion to Compel* as to Request for Production No. 30. The Court incorporates by reference its previous analysis under Request for Production of Documents No. 29, finding these documents similarly relevant and proportional. Mr. Cora maintains his duty to abide by Rule 26 in conducting a reasonable inquiry or averring under oath such documents do not exist. Fed. R. Civ. P. 26(g)(1).

V.    Confidentiality Agreement or Protective Order

As established by the Federal Rules of Civil Procedure, if a producing party believes that the disclosure of certain information warrants protection, then the proper vehicle is a motion for protective order, not refusing to answer or resisting disclosure. Fed. R. Civ. P. 26(c)(1). In the case that Mr. Cora has privacy concerns in disclosing any of the materials that this *Opinion or Order* mandates, such concerns can be adequately

**Civil No. 20-1626 (GMM)**
**Page - 33 -**

addressed through a confidentiality agreement with Amgen or through a protective order issued by this Court.

### IV.    CONCLUSION

For the aforementioned reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Amgen's *Motion to Compel*.


IT IS SO ORDERED.

In San Juan, Puerto Rico, on March 26, 2026.


/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge